UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREGORY HAWKINS,**

                **Plaintiff,**               **CIVIL ACTION NO. 14-cv-14870**

         **v.**                          **DISTRICT JUDGE SEAN F. COX**

**U.S. BANK, N.A., AS TRUSTEE**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**FOR THE RMAC TRUST SERIES**
**2012-5T and RUSHMORE LOAN**
**MANAGEMENT SERVICES, LLC,**

               **Defendants.**
_____/

## REPORT AND RECOMMENDATION

      Plaintiff Gregory Hawkins commenced this action in the Oakland County Circuit Court against Defendants U.S. Bank, National Association, as Trustee for the RMAC Trust Series 2012-5T, and Rushmore Loan Management Services, LLC on November 17, 2014.  (Docket no. 1-2 at 4-9.)   In his Complaint, Plaintiff challenges foreclosure proceedings related to real property located at 18890 Bungalow Drive in Lathrup Village, Michigan. (*Id.*)  On December 23, 2014, Defendants removed the case to this Court.   (Docket no. 1.)   Before the Court is Defendants' Motion to Dismiss.   (Docket no. 3.)   Plaintiff has not filed a response to Defendants' Motion, and the time for response has now passed.  The Motion has been referred to the undersigned for consideration.   (Docket no. 4.)   The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I.    RECOMMENDATION

For the reasons that follow, it is recommended that Defendants' Motion to Dismiss (docket no. 3) be **GRANTED** with regard to Defendants' motion to dismiss Plaintiff's Complaint with prejudice and **DENIED** with regard to Defendants' motion for the costs and attorney fees incurred in bringing the Motion.

## II.   REPORT

### A.    Facts and Procedural History

Plaintiff borrowed the sum of one hundred fifty-two thousand five hundred five dollars ($152,505.00) from EquiFirst Corporation on July 13, 2007. (Docket no. 3-2 at 2.)  As security for the loan, Plaintiff granted Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender, a mortgage interest in real property located at 18890 Bungalow Drive in Lathrup Village, Michigan. (Docket no. 3-3.) The mortgage was recorded with the Oakland County Register of Deeds on July 23, 2007, in Liber 39380, Pages 542-56.  (*Id*.)

On February 22, 2010, MERS assigned the mortgage to The Bank of New York Mellon Trust Company, National Association, as Grantor Trustee of the Protium Master Grantor Trust, which was recorded on March 8, 2010 with the Oakland County Register of Deeds. (Docket no. 3-4.)   On December 28, 2012, the mortgage was then assigned from The Bank of New York Mellon Trust Company, National Association, as Grantor Trustee of the Protium Master Grantor Trust to Defendant U.S. Bank, National Association, as Trustee for the RMAC Trust Series 2012-5T, which was recorded on May 3, 2013. (Docket no. 3-5.)

It is unclear from the Parties' filings exactly when Plaintiff defaulted on his payments; however, Defendant Rushmore Loan Management Services, LLC, as servicer for the mortgage, sent a Notice of Intent to Foreclose to Plaintiff on June 18, 2014. (Docket no. 3-7 at 2.)

Subsequently, a Foreclosure Notice was published for four consecutive weeks in the *Oakland County Legal News*; the first publication occurred on October 14, 2014, and the final publication occurred on November 4, 2014.  (Docket no. 3-6 at 4.)  The Foreclosure Notice was also posted in a conspicuous place on the property on October 21, 2014. (*Id.* at 3.)  A sheriff's sale was then held on November 18, 2014, at which Defendant U.S. Bank purchased the property.  (*Id.* at 5.)  The six-month statutory redemption period expired on May 18, 2015.  (*Id.* at 8.)

Plaintiff filed the instant complaint in the Oakland County Circuit Court on November 17, 2014 alleging wrongful foreclosure, breach of contract, and fraudulent misrepresentation.  (Docket no. 1-2 at 4-9.) Defendants removed the case to this Court on December 23, 2014.  (Docket no. 1.) On January 22, 2015, Defendants filed the instant Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Docket no. 3.)  This matter is currently pending before the Court.

### B.     Governing Law

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).   To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### C.    Analysis

Plaintiff sets forth three causes of action in his Complaint:  Count I – Wrongful Foreclosure; Count II – Breach of Contract; and Count III – Fraudulent Misrepresentation. (*See* docket no. 1-2 at 6-8.)  Defendants argue that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (*See* docket no. 3.)  Each cause of action set forth by Plaintiff is addressed in turn below.

### 1.  Wrongful Foreclosure (Count I)

The first cause of action set forth by Plaintiff is wrongful foreclosure.  (Docket no. 1-2 at 6-7.)  Here, Plaintiff claims that the sheriff's sale on the property should be set aside because Defendants, "failed to properly follow the requirements of the Foreclosure process set forth in

MCL 600.3201 *et seq,* including, but not limited to, failing to properly calculate the amount claimed to be due on the date of the notice of foreclosure."  (*Id*. at 7.)

Defendants assert that the foreclosure was legal and proper in all regards. (Docket no. 3 at 15.)  As support for this argument, Defendants claim that they sent Plaintiff a Notice of Intent to Foreclose on June 18, 2014, advising him that he had until July 23, 2014 to cure the default. (*Id*.)  Defendants also argue that in accordance with Mich. Comp. Laws § 600.3208, the Foreclosure Notice was posted in a conspicuous place on the property on October 21, 2014. (*Id*. at 16.)  Furthermore, Defendants argue that Plaintiff did not provide any affidavits that support his claims surrounding the alleged failure to follow the requirements of the foreclosure-by-advertisement process.  Lastly, Defendants assert that the total amount on the Foreclosure Notice was accurate and that Plaintiff has provided no evidence to the contrary.

Defendants' arguments are persuasive; notably, Plaintiff has not set forth sufficient allegations to challenge the propriety of the foreclosure process.  His sole allegation is broad, conclusory, and devoid of any factual support.  Indeed, the only irregularity Plaintiff attempts to set forth is an improper calculation of the amount due on the Foreclosure Notice, but he provides no details explaining the alleged error in the calculation. Accordingly, Plaintiff has not properly set forth a wrongful foreclosure claim upon which relief can be granted, and it is recommended that Defendants' Motion be granted with respect to this claim.

### 2.  Breach of Contract (Count II)

In Count II of his Complaint, Plaintiff alleges that Defendants breached the implied covenant of good faith and fair dealing in the Note and Mortgage by (1) "[d]isingenuously negotiating loss mitigation assistance with the Plaintiff;" (2) "[m]isleading Plaintiff about approval and extension of loss mitigation assistance as an alternative to foreclosure;" and (3)

5

"[n]ot working with the M[SH]DA [(Michigan State Housing Development Authority)]." (Docket no. 1-2 at 7-8.)

Under Michigan law, a plaintiff must show the following to bring a valid breach-of-contract claim: (1) the existence of a valid contract; (2) the terms of the contract; (3) performance of things by the plaintiff; (4) conduct constituting breach by the defendant; and (5) damages. *Keywell and Rosenfeld v. Bithell,* 657 N.W.2d 759 (Mich. Ct. App. 2002). Michigan law "does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Soto v. Wells Fargo Bank,* N.A., No. 11-14064, 2012 WL 113534, at *5. (E.D. Mich. Jan. 13, 2012) (quoting *Fodale v. Waste Mgmt. of Mich., Inc.,* 718 N.W.2d 827, 841 (Mich. Ct. App. 2006)).

Defendants claim that Plaintiff's allegations do not sufficiently identify the terms of the Note or Mortgage that Defendants breached but are instead based on alleged loss mitigation assistance negotiations that are not provided for in the underlying contract. (Docket no. 3 at 19.) Defendants further claim that neither the Note nor Mortgage requires Defendants to work with the MSHDA. (Docket no. 3 at 20.) Defendants argue that as a result of these deficiencies, Plaintiff's breach-of-contract claim cannot survive the instant Motion.

Defendants' argument has merit. Plaintiff has done nothing more than make conclusory statements which fail to provide any factual support for the underlying allegations. Plaintiff cannot state a breach of contract claim based on the implied duty of good faith; Plaintiff was not legally entitled to a loan modification or loss mitigation; and Plaintiff fails to cite to any contract agreement, statute, or case law that would require Defendants to work with MSHDA. Plaintiff fails to identify which provision of the Mortgage or Note requires Defendants to make a good faith effort to modify his loan, and the Court finds none. Indeed, Plaintiff does not make any

effort to identify which terms of the agreement were breached. Because Plaintiff's claims are based solely on vague allegations, they do not meet the standards established by the United States Supreme Court in *Twombly* and *Iqbal*, and, therefore, Plaintiff has failed to state a plausible claim for relief. Defendants' Motion to Dismiss Count II of Plaintiff's Complaint should be granted.

### 3.   Fraudulent Misrepresentation (Count III)

In Count III of his Complaint, Plaintiff alleges that Defendants committed fraud by knowingly making false misrepresentations to Plaintiff with respect to the amount of the monthly payment owed on the March 2014 mortgage statement with the intent to induce Plaintiff to refrain from defending the foreclosure. (Docket no. 1-2 at 8.)

Under Michigan law, the elements of a claim for fraudulent misrepresentation are: (1) that the defendants made a material misrepresentation; (2) that was false; (3) that when he made it he knew that it was false, or he made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff was injured as a result. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (citation omitted). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.*

Additionally, Federal Rule of Civil Procedure 9(b) imposes an obligation on any plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." To meet the particularity requirement of Rule 9(b), the plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation and internal quotation

marks omitted).   At a minimum, the plaintiff "must allege the time, place and contents of the misrepresentations upon which [she] relied." *Id.*  The plaintiff "also must allege facts from which it could be concluded that [her] reliance was reasonable."  *Issa v. Provident Funding Grp., Inc.*, No. 09-12595, 2010 WL 538298, at *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)).  "The threshold test is whether the complaint places the defendants on sufficient notice of the misrepresentation, allowing the defendants to answer, addressing in an informed way the [plaintiff's] claim of fraud."  *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alterations in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations.").

In this case, Plaintiff's Complaint fails to state a claim for fraud under Michigan law and fails to meet the particularity requirements of Rule 9(b).  As Defendants point out, Plaintiff's Complaint is devoid of any specific factual allegations regarding which of the two Defendants in this matter made fraudulent statements to Plaintiff, the date and time the statements were made, or why the statements were fraudulent.  Specifically, Plaintiff does not explain how the stated monthly payment amount of $2,000 was inaccurate or fraudulent as compared to the allegedly correct amount of $1,409.  Further, it is unclear as to how Defendants could have intended to induce Plaintiff to refrain from defending the foreclosure in March 2014 when the foreclosure process had not yet started.  Plaintiff's failure to plead with any specificity, combined with only a mere recitation of the elements of a Michigan fraudulent misrepresentation claim, necessitate the recommendation that Defendants' Motion to Dismiss Count III of Plaintiff's Complaint be granted.

### D.   Conclusion

For the above-stated reasons, with regard to Defendants' Motion to Dismiss (docket no. 3), it is recommended that the Court **GRANT** Defendants' motion to dismiss Plaintiffs' Complaint with prejudice and **DENY** Defendants' motion for an award of the costs and attorney fees they incurred in bringing the Motion.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 25, 2015    s/ Mona K. Majzoub
           MONA K. MAJZOUB
           UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

   I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 25, 2015    s/ Lisa C. Bartlett
           Case Manager